**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DOUGLAS MINATEE, | : | **Hon. Katharine S. Hayden** |
| | : | |
| Petitioner, | : | Civil No. 05-4174 (KSH) |
| | : | |
| v. | : | |
| | : | |
| STATE OF NEW JERSEY, et al., | : | **O P I N I O N** |
| | : | |
| Respondents. | : | |
| | : | |

**APPEARANCES:**

> DOUGLAS MINATEE, #020
> Special Treatment Unit Annex
> C.N. 905
> Avenel, New Jersey  07001
> Petitioner pro se

> DAVID L. DaCOSTA, Deputy Attorney General
> ATTORNEY GENERAL OF STATE OF NEW JERSEY
> P.O. Box 112
> Trenton, New Jersey  08625
> Attorneys for Respondents

**HAYDEN,  District Judge**

Douglas Minatee filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §
2254(a) challenging judgments of the Superior Court of New Jersey, Essex County, of
involuntary civil commitment as a sexually violent predator.   Respondents filed an Answer,
seeking dismissal of the Petition on the merits, accompanied by three exhibits.  For the reasons
expressed below, this Court will dismiss the Petition without prejudice and deny a certificate of
appealability.

## I.  BACKGROUND

Douglas Minatee challenges orders of temporary civil commitment issued on November 4, 1999, September 23, 2002, and September 9, 2003, by the Law Division of the Superior Court of New Jersey, pursuant to the Sexually Violent Predator Act ("SVPA"), N.J. STAT. ANN. § 30:4-27.24, et seq.[1]  Petitioner pled guilty on January 15, 1993, to aggravated sexual assault and was sentenced to a 10-year term at the Adult Diagnostic and Treatment Center.  Petitioner's sentence was scheduled to expire on November 8, 1999.  On October 28, 1999, the Attorney General filed a petition for civil commitment as a sexually violent predator.  On November 4, 1999, the Superior Court of New Jersey ordered Petitioner's temporary civil commitment.  Subsequent review hearings resulted in Petitioner's continued commitment in 2000, 2001, and by orders filed September 23, 2002, and September 9, 2003.  Petitioner appealed the 2002 and 2003 orders of commitment, arguing that due process requires that the grounds for continued commitment as a sexually violent predator be proved beyond a reasonable doubt, and that the state failed to prove its case for civil commitment by clear and convincing evidence.  See In re Commitment of D.Z.M., SVP 20-99, Docket No. 57,750 letter in lieu of formal petition for certification (N.J. Sup. Ct. March 18, 2005).  The Appellate Division of the Superior Court of New Jersey affirmed in an opinion filed February 9, 2005.  See In re Commitment of D.Z.M., SVP 20-99, Docket Nos. A-1559-02T2, A-0565-03T2 slip op. (N.J. Super., App. Div., Feb. 9, 2005).  Petitioner filed a petition for certification, relying on the brief filed in the Appellate Division.  On May 25, 2005,

---

[1] The SVPA, enacted in 1998 and effective August 12, 1999, permits the involuntary civil commitment of a "sexually violent predator" to a separate and secure facility for control, care and treatment.  N.J. STAT. ANN. § 30:4-27.24, et seq.

2

the New Jersey Supreme Court denied certification.  In re Commitment of D.Z.M., SVP 20-99, 183 N.J. 590 (table).

Petitioner executed the Petition before this Court on August 13, 2005.  The Clerk received it on August 24, 2005.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  Petitioner asked the Court to rule on the Petition "as is."

The Petition raises four grounds:

> Ground One:  I WAS NOT TOLD OF CIVIL COMMITMENT AT SENTENCING.  THERE IS NO INDICATION ON MY JUDGMENT OF CONVICTION OUT OF ESSEX COUNTY SHOWING THAT IF I PLEAD GUILTY I'LL BE COMMITTED.
>
> Supporting FACTS:  I was told by attorney that I'll do prison time one third of ten years.
>
> Ground Two:  DENYING THE RIGHT TO CONFRONTATION SUPPORTING FACTS NOT BEING GIVEN; THE RIGHT TO CHALLENGE ALL STATEMENTS AGAINST ME; NOR TO CONFRONT WITNESS THAT HAVE HEARSAY STATEMENTS ALREADY PROVEN IN CRIMINAL COURT.
>
> Supporting FACTS:  That hearsay statements are false. Defendant/patient the right to challenge hostile witness Dr. Schniadam (ADTC) Dr. Lawrence Siegel (ADTC) reports dated 10/26/99 same Marc Frank, PhD.
>
> Ground Three:  RESIDENT DID NOT HAVE THE EFFECTIVE ASSISTANCE OF COUNSEL.
>
> Supporting FACTS:  I asked for independent Doctor for court purpose, my hearing. I asked for information on police reports of me having gonorrhea to investigate the facts that I was negative at the time. Counsel did not do as I asked.  I gave results to lawyer

3

> Mrs. Van Pelt at hearing dated 9/23/02.  SEE 26-31 attach.  I didn't take the stand.
>
> Ground Four:  RESIDENT WAS NOT GIVEN THE RIGHT TO A JURY TRIAL.
>
> Supporting FACTS:  I asked counsel for jury trial.  Counsel did not do as I requested.  Counsel did not argue G.G.N. or E.S.T. on my appeal.  SEE 12-14 attach.

(Pet. ¶ 12.)

In response to the question asking Petitioner to state briefly what grounds were not previously presented to any other court and to give the reasons for not presenting these grounds, Petitioner states:  "All grounds were not previously presented in state court due to not having effective assistance of counsel.  Counsel should have known and failed bringing issues up."  (Pet. ¶ 13.)  Attached to the Petition are the following documents:  six pages of an undated transcript containing portions of the cross examination of Dr. Gnassi; page three of a psychiatric assessment of Douglas Minatee by Luis Zeiguetr, MD (which includes statements allegedly made by the victim of Petitioner's 1992 sexual assault); page four of the evaluation of Petitioner by Mark Frank, Ph.D.; Petitioner's letter to Alison Perrone, Esq., dated September 22, 2004 (in which Petitioner asks Ms. Perrone to raise the rulings in E.S.T. and G.G.N. on his appeal); a letter from Patrick D. Reilly, Office of the Public Defender, to Petitioner dated September 30, 2004; a cover letter to the Clerk of the Superior Court of New Jersey from Joan D. Van Pelt, Assistant Deputy Public Defender, dated October 14, 2004; a letter brief filed in the Appellate Division on behalf of Petitioner bringing recent appellate decisions to the court's attention, see In re Commitment of E.S.T., 371 N.J. Super. 562 (App. Div. 2004); In re Commitment of G.G.N., 372 N.J. Super. 42 (App. Div. 2004); Petitioner's letter to Joan Van Pelt, Deputy Public

4

Defender, stating that he wishes the E.S.T. and G.G.N. rulings to be argued on his current appeal because the "doctors that wrote my temporary commitment evaluations (Dr. Lawrence Siegle and Dr. Joseph Perzel) did not testify at my commitment hearing."  (Pet. attachments.)

The State filed an Answer, arguing that the Petition should be dismissed on the merits.

## II.  DISCUSSION

A.  Exhaustion

A district court may not grant a writ of habeas corpus under § 2254 unless the petitioner has exhausted state court remedies for all grounds presented in the petition, or such process is unavailable or ineffective to protect the petitioner's rights.  See 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); Rhines v. Weber, 544 U.S. 269 (2005); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  Section 2254(b) provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted** unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) & (B) (emphasis added); see also Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert, 134 F.3d at 513;  Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993).  Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if

he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

Federal courts have consistently adhered to the exhaustion doctrine "for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."  Picard v. Connor, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted).  The statutory scheme under the AEDPA "reinforces the importance of Lundy's 'simple and clear instruction to potential litigants:  before you bring any claims to federal court, be sure that you first have taken each one to state court.'"  Rhines, 544 U.S. at 276-77 (quoting Rose v. Lundy, 455 U.S. 509, 520 (1982)).

The Exhaustion Doctrine requires a petitioner to fairly present each federal claim to each level of the state court system.  See Baldwin v. Reese, 541 U.S. 27 (2004); O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Rose, 455 U.S. at 515; United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17 (1925); Burkett v. Love, 89 F.3d 135, 138 (3d Cir. 1996).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the State's highest court.  O'Sullivan, 526 U.S. at 845; see also Baldwin, 541 U.S. at 29.  To exhaust, a petitioner in the custody of the State of New Jersey must present his federal claims to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court in a petition for certification.  See Toulson, 987 F.2d at 987-89.

6

"To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted," McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999), and must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation and internal quotation marks omitted). The habeas petitioner carries the burden of proving total exhaustion. Lambert, 134 F.3d at 513; Toulson, 987 F.2d at 987.

In this case, the Petition raises four claims: (1) Petitioner was not aware that he could face civil commitment as a sexually violent predator at the time he entered a guilty plea to a predicate offense; (2) the Law Division admitted hearsay evaluations and denied Petitioner the right of confrontation; (3) ineffective assistance of counsel representing Petitioner at his civil commitment hearings; and (4) Petitioner was denied a jury trial at his commitment hearings. Petitioner presented two issues to the Appellate Division and New Jersey Supreme Court on his direct appeal from the orders of civil commitment, i.e., (1) due process requires that the grounds for civil commitment be proved beyond a reasonable doubt, and (2) the state failed to prove the grounds for civil commitment by even clear and convincing evidence. Clearly, Petitioner has not exhausted any of the grounds which Petitioner raises before this Court. This Court must therefore dismiss the Petition without prejudice as unexhausted unless exhaustion is excused or unavailable, or the Petition does not raise even a colorable federal claim.

B.  Circumstances Excusing Exhaustion

Section 2254(b)(1)(B)(i) excuses exhaustion where there is "an absence of available State corrective process." 28 U.S.C. § 2254(b)(1)(B)(i); see also Duckworth v. Serrano, 454 U.S. 1, 3

(1981) (per curiam).  A petition containing claims which are unexhausted but procedurally barred will not be dismissed as unexhausted.  "Although the unexhausted claims may not have been presented to the highest state court, exhaustion is not possible because the state court would find the claims procedurally defaulted."  Toulson, 987 F.2d at 987; accord Coleman v. Thompson, 501 U.S. 722, 730-32 & n.1 (1991); Harris v. Reed, 489 U.S. 255 (1989).[2]  "If a claim has not been fairly presented to the state courts but state law clearly forecloses review . . . exhaustion is excused." Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (citations omitted).

In determining whether state court review is "available" under § 2254(b)(1)(B) and (c), this Court must "turn [its] attention to the actuality that the state courts would refuse to entertain" the petitioner's federal claims.  See Lambert, 134 F.3d at 516; Christy, 115 F.3d at 207.  Most importantly, "unless a state court decision exists indicating that a habeas petitioner is clearly precluded from state court relief, the federal habeas claim should be dismissed for nonexhaustion, even if it appears unlikely that the state will address the merits of the petitioner's claim."  Lambert, 134 F.3d at 517.

For example, the petitioner in Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993), was a New Jersey prisoner who filed a § 2254 petition in the District Court for the District of New Jersey

---

[2] While it excuses exhaustion, the doctrine of procedural default is a double-edged sword. When a petitioner's failure to comply with a state procedural rule has prevented the state courts from reaching the merits of his federal claims, federal habeas review of those claims is ordinarily barred as petitioner has procedurally defaulted his claims.  Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991).  Reliance by the last state court to consider the federal claim on an "adequate and independent finding of procedural default will bar federal habeas review of [that] federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice' attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice."  Harris, 489 U.S. at 262 (citations and internal quotation marks omitted); accord Coleman, 501 U.S. at 750; Cabrera v. Barbo, 175 F.3d 307, 312-14 (3d Cir. 1999); Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996).

challenging his state conviction and sentence on five grounds. The Appellate Division of the New Jersey Superior Court had affirmed his conviction; the New Jersey Supreme Court had denied his petition for certification; and the trial court had denied his motion to reconsider the sentence and his motion for post-conviction relief. Toulson had not presented three of his § 2254 grounds to the New Jersey Supreme Court in his petition for certification. The district court held that the claims were procedurally barred by N. J. Ct. R. 3:22-4 (barring consideration of grounds not raised in prior proceedings), in that Toulson had not raised them in his petition for certification to the New Jersey Supreme Court. The Third Circuit reversed and remanded, observing that Rule 3:22-4(c) dissolves the procedural bar where "denial of relief would be contrary to the Constitution of the United States or the State of New Jersey," and that other rules presenting potential procedural bars were likewise subject to relaxation.[3] The Third Circuit instructed the district court to dismiss the petition without prejudice for failure to exhaust "[b]ecause no state court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default." Toulson, 987 F.2d at 989.

In contrast, in Cabrera v. Barbo, 175 F.3d 307 (3d Cir. 1999), the Third Circuit affirmed dismissal of claims raised in a New Jersey prisoner's § 2254 petition as procedurally defaulted after a New Jersey court had in fact refused to consider the petitioner's federal claims because

---

[3] New Jersey Court Rule 3:22-12, which poses a five-year limitation period for the filing of post-conviction relief petitions, Rule 3:22-4, which bars any ground for relief not raised in a prior post-conviction relief proceeding, and Rule 3:22-5, which provides that a prior adjudication upon the merits of any ground for relief is conclusive, are subject to relaxation. See State v. Preciose, 129 N.J. 451, 454, (1992); State v. Mitchell, 126 N.J. 565 (1992); State v. Johns, 111 N.J. Super 574, 576 (App. Div. 1970).

they were procedurally barred by N.J.Ct.R. 3:22-4.  Under those circumstances, the Third Circuit observed that exhaustion was unavailable.  However, because New Jersey's rejection of Cabrera's claims was based on an adequate and independent state ground, the petitioner had procedurally defaulted the claims.  Cabrera, 175 F.3d at 312-314.

In this case, no New Jersey court has determined that Petitioner is procedurally barred from raising the four claims asserted in the § 2254 Petition.  Failure to exhaust is therefore not excused under § 2254(b)(1)(B)(i).

Failure to exhaust may also be excused where "circumstances exist that render [State corrective] process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(ii).  State corrective process is ineffective where "'state remedies are inadequate or fail to afford a full and fair adjudication of the federal contentions raised, or where exhaustion in state court would be futile.'"  Lambert, 134 F.3d at 516 (quoting Christy v. Horn, 115 F.3d 201, 207 (3d Cir. 1997)); see also Gibson, 805 F.2d at 138.  Petitioner's failure to exhaust is not excused under this provision, however, because New Jersey's appellate review procedures are not inadequate to adjudicate his federal claims.

C.  Colorable Federal Claim

Section 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).  The Third Circuit determined that § 2254(b)(2) codifies the holding in Granberry v. Greer, 481 U.S. 129 (1987), "by conferring upon the district court the authority to deny a habeas petition on the merits despite the petitioner's failure to exhaust state remedies."  Lambert, 134 F.3d at 514.

10

In _Granberry_, the Court held that where a state failed to raise the exhaustion defense in the district court, the court of appeals may examine the exhaustion issue under the following circumstances:

> The court should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim . . . . [I]f it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition [on the merits], and the court of appeals affirms the judgment of the district court forthwith.

_Granberry_, 481 U.S. at 134-135.

Thus, the Third Circuit has instructed district courts that they may deny an unexhausted petition on the merits under § 2254(b)(2) only "if it is perfectly clear that the applicant does not raise even a colorable federal claim." _Lambert_, 134 F.3d at 515 (quoting _Granberry_, 481 U.S. at 135). Under this standard, "if a question exists as to whether the petitioner has stated a colorable federal claim, the district court may not consider the merits of the claim if the petitioner has failed to exhaust state remedies and none of the exceptions set forth in sections 2254(b)(1)(B)(i) and (ii) applies." _Lambert_, 134 F.3d at 515.

In this case, Petitioner asserts that the Law Division admitted the reports of Doctors Schniadam, Siegel and Frank, even though they did not testify and they were not subject to cross-examination. Although courts have rejected the notion that the Sixth Amendment's Confrontation Clause applies directly to civil commitments as a sexually violent predator, _see_, _e.g._, _In re Civil Commitment of T.J.N. SVP-351-03_, ___ N.J. Super. __ 2007 WL 208522 (App.

Div. Dec. 21, 2006), courts have held that the Due Process Clause limits the use of hearsay in sexually violent predator commitment hearings, see, e.g., In re Civil Commitment of G.G.N., 372 N.J. Super. 42, 58 (App. Div. 2004) ("Even without the explicit restriction adopted in Crawford, there is a tipping point where due process is violated by the use of hearsay"); In re Civil Commitment of E.S.T., 371 N.J. Super. 562, 575 ("As a matter of fundamental fairness, we conclude that the State should be required to produce at the initial SVPA commitment hearing the physicians who signed the clinical certificates supporting the commitment petition, if they are available and if any expert testifying in court intends to rely on the opinions contained in those certificates").  Accordingly, at least a question exists as to whether Petitioner has presented at least one colorable federal claim.  See Lambert, 134 F.3d at 515.

Because Petitioner has not exhausted any of the grounds which he presents under § 2254, because New Jersey's appellate processes are neither unavailable nor inadequate to protect his federal rights, and because the Petition raises at least one colorable federal claim, the Court is constrained to dismiss the Petition without prejudice for failure to exhaust state court remedies. See 28 U.S.C. § 2254(b) and (c).[4]

D.  Certificate of Appealability

Because jurists of reason would not find the Court's dismissal of the Petition for non-exhaustion debatable or incorrect, the Court declines to issue a certificate of appealability

---

[4] If Petitioner wants this Court to consider his federal grounds, he will have to present them to all three levels of the New Jersey courts.  After doing so and subject to the one year statute of limitations under 28 U.S.C. § 2244(d), he may present them to this Court in a new § 2254 petition.

pursuant to 28 U.S.C. § 2253(c).  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Walker v. Government of Virgin Islands, 230 F.3d 82, 89 (3d Cir. 2000); Fed. R. App. P. 22(b)(1).

### IV.  CONCLUSION

Based on the foregoing, the Court will dismiss the Petition without prejudice as unexhausted and deny a certificate of appealability.


 /s/ Katharine S. Hayden
**KATHARINE S. HAYDEN, U.S.D.J.**


DATED:   November 28, 2007

13